**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 15-4424**

---

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

ELERICO DURAN HOWARD, a/k/a Rico, a/k/a Freedom, a/k/a Duran,

                Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Malcolm J. Howard, Senior District Judge.  (5:14-cr-00223-H-1)

---

Submitted:  May 25, 2016          Decided:  June 6, 2016

---

Before DUNCAN and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Seth A. Neyhart, STARK LAW GROUP, PLLC, Chapel Hill, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elerico Duran Howard pled guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute 500 grams or more of cocaine and an unspecified quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012), and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012). The district court sentenced Howard to 144 months' imprisonment, and he now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the sentence imposed was procedurally and substantively reasonable and whether plea counsel was ineffective. Howard was notified of his right to file a pro se brief but has elected not to do so. We affirm.

We review the reasonableness of a sentence "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This entails review of the procedural and substantive reasonableness of the sentence. Id. at 51. "Procedural errors include 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including

2

an explanation for any deviation from the Guidelines range.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 51). Only if the sentence is free of "significant procedural error" do we review the substantive reasonableness of the sentence, accounting for "the totality of the circumstances." Gall, 552 U.S. at 51. Any sentence within a properly calculated Guidelines range is presumptively substantively reasonable; this presumption is rebutted only "by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Dowell, 771 F.3d 162, 176 (4th Cir. 2014).

Because Howard failed to object to the sentence imposed, it is reviewed for plain error only. United States v. Aplicano-Oyuela, 792 F.3d 416, 422 (4th Cir. 2015). "To satisfy plain error review, the defendant must establish that: (1) there is a sentencing error; (2) the error is plain; and (3) the error affects his substantial rights." Id. Even if a plain error occurred, we will not cure the error unless it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id.

Our review of the record confirms that the sentence imposed was both procedurally and substantively reasonable. The district court properly calculated the Guidelines range, allowed counsel an adequate opportunity to argue on Howard's behalf, and

3

afforded Howard his right of allocution. Although the district court's explanation for the sentence was brief, given the straightforward and conceptually simple nature of the arguments and the within-Guidelines sentence imposed, the court's explanation was sufficient. See United States v. Hernandez, 603 F.3d 267, 271-72 (4th Cir. 2010).

As to the substantive reasonableness of the sentence, the record does not reveal any factors that would overcome the presumption of reasonableness afforded to the within-Guidelines sentence imposed. Although Howard argues that the district court erred in attributing more than the equivalent of 1000 kilograms of marijuana to him, we conclude that Howard has waived this argument by withdrawing it below. See United States v. Robinson, 744 F.3d 293, 298-99 (4th Cir. 2014).

Finally, Howard's claim of ineffective assistance of counsel is only cognizable on direct appeal if it conclusively appears on the record that counsel was ineffective. United States v. Galloway, 749 F.3d 238, 241 (4th Cir. 2014). To succeed on a claim of ineffective assistance of counsel, Howard must show that: (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In the context of a guilty plea, to satisfy the second prong a defendant must establish a

4

reasonable probability that, but for counsel's errors, he would have "insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). The record does not establish ineffective assistance of counsel. Therefore, this claim is not cognizable on direct appeal and should be raised, if at all, in a 28 U.S.C. § 2255 (2012) motion.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Howard's convictions and sentence. This court requires that counsel inform Howard, in writing, of the right to petition the Supreme Court of the United States for further review. If Howard requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Howard.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5